Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **SAMUEL R. RENFRO,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:04CV00103 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **UNUM LIFE INSURANCE** ) | By: James P. Jones |
| **COMPANY OF AMERICA, ET** ) | Chief United States District Judge |
| **AL.,** ) | |
| ) | |
| Defendants. ) | |

*Henry S. Keuling-Stout, Keuling-Stout, P.C., Big Stone Gap, Virginia, for Plaintiff; Thomas R. Bagby and Joshua F.P. Long, Woods Rogers P.L.C., Roanoke, Virginia, for Defendant Carter Machinery Company, Inc.*

In this ERISA case, I will grant the employer's Motion to Dismiss.

The plaintiff, Samuel R. Renfro, filed this action pursuant to the provisions of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. §§ 1001-1144 (West 1999 & Supp. 2004) against defendants Unum Life Insurance Company of America ("Unum") and Carter Machinery Company, Inc. ("Carter"). In his Complaint, Renfro claims that he was employed by Carter until November 29, 2002, when he was terminated because he was disabled due to vision problems. He contends that pursuant to his employment, he was a beneficiary of

Carter's long-term disability plan "funded and administered" by Unum (Compl. ¶ 5); that he was assured by Carter that he would receive benefits under the plan; that he filed a claim with Unum for benefits under the plan, but it was denied; that in the claim process Carter misrepresented to Unum information about Renfro's "actual job duties" and why Renfro "stop[ped] working" (*Id.* ¶ 19); and that Unum's decision to deny benefits was based "in part" on Carter's false information (*Id.* ¶ 15). In his suit, Renfro seeks an order requiring payment to him of monthly disability benefits under the plan, retroactive to November 29, 2002, the date of termination of his employment.

In response to the Complaint, Carter filed the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), in which it contends that it is not a proper party to the action. Unum has filed an Answer, admitting that it denied Renfro's claim for long-term disability benefits, and averring that it did so for proper reasons.

Because Carter submitted an affidavit with its Motion to Dismiss, I directed that the motion be treated as one for summary judgment and disposed of as provided in Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(b)(6); *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). The

- 2 -

parties were allowed leave to file additional materials and arguments, which they have done. Carter's motion is thus ripe for decision.

Summary judgment is appropriate on an issue when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *see* Fed. R. Civ. P. 56©. In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir. 1985), *abrogated on other grounds*, *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

In opposition to Carter's motion, Renfro has submitted a copy of the long-term disability plan and the summary plan description supplied to him by his employer.[1] The plan documents do designate Carter as the plan administrator, although they are equally clear that it is Unum that determines eligibility for benefits. Carter has submitted a declaration of an officer that it had delegated to Unum "full control and authority over the administration of [the plan]" (Strelka Dec. ¶ 3), which evidence has

---

[1] Carter has also submitted a copy of the plan, but Carter's version differs in some respects, including the date, from Renfro's copy. The significant portions are the same, however.

- 3 -

not been disputed by Renfro. Indeed, the Complaint itself makes clear that it was Unum that considered and denied his claim.

ERISA provides that a beneficiary of an employee welfare benefit plan may bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C.A. § 1132(a)(1)(B). An employer who does not determine eligibility for benefits is not a proper defendant in an action by a beneficiary to recover benefits, even where the employer is technically listed as the plan administrator in the plan documents. *See Williams v. UNUM Life Ins. Co. of Am.*, 250 F. Supp. 2d 641, 645 (E.D. Va. 2003).

ERISA preempts any state law claims by Renfro for fraud or misrepresentation, since they clearly are premised on the existence of the employee welfare benefit plan. *See Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 377-79 (4th Cir. 2001) (holding that misrepresentation claim preempted by ERISA).

Renfro contends that Carter violated its fiduciary duties by providing false information to Unum. Under certain circumstances, a plan beneficiary may bring an action against a fiduciary for "appropriate equitable relief." 29 U.S.C.A § 1132(a)(3). With respect to particular activities, an employer may be subject to suit under § 1132(a)(3) for violation of its fiduciary duties. *See Phelps v. C.T. Enters., Inc.*, 394

- 4 -

F.3d 213, 221 (4th Cir. 2005) (holding that an employer and its officers who diverted funds due to employee benefit plan for payment of medical claims could be sued as fiduciaries under ERISA).

Even where a fiduciary duty under ERISA is recognized, however, the remedy is limited. "[W]here Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). Renfro has an adequate remedy in his claim for benefits against Unum, and thus a fiduciary claim against Carter is not appropriate.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss by the defendant Carter Machinery Company, Inc., is GRANTED and the action is dismissed as to said defendant.

The court will hereafter enter a scheduling order applicable to the remaining parties in the case.

    ENTER: June 15, 2005

    /s/ JAMES P. JONES
    Chief United States District Judge